1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DESMOND JONES,                              No. 2:21-cv-1603-TLN-EFB P

12                  Plaintiff,

13        v.                                     ORDER

14   JOSEPH BICK, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint and an amended complaint[1] (ECF Nos. 1 & 8),

19   he has filed an application to proceed in forma pauperis (ECF No. 2) and a motion to order

20   service on defendants (ECF No. 5).

21                    Application to Proceed In Forma Pauperis

22        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26

27        _____

          [1] Prior to filing the amended complaint, plaintiff filed a motion to amend.  ECF No. 4.
     Plaintiff's motion was unnecessary because he was free to amend his complaint "once as a matter
28   of course" under Rule 15 of the Federal Rules of Civil Procedures.  *See*  Fed. R. Civ. P 15(a)(1).

                                              1

1

Screening Standards

2   Federal courts must engage in a preliminary screening of cases in which prisoners seek

3   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7   relief."  *Id.* § 1915A(b).

8   A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15   U.S. 662, 679 (2009).

16   To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19   a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

20   678.

21   Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   /////

2

1 <u>Screening Order</u>

2    Plaintiff's amended complaint, which supersedes the original, alleges the following: (1)

3 California Department of Corrections and Rehabilitation ("CDCR") Health Care Director Joseph

4 Bick was deliberately indifferent to plaintiff's high risk of complications if infected with SARS-

5 CoV-2-RNA when he approved a "mass quarantine movement policy" for the purpose of

6 attaining herd immunity among the prison population (ECF No. 8 at 4); (2) California Men's

7 Colony ("CMC") Chief Medical Executive Dr. Johannes Harr, exposed plaintiff to substantial

8 harm when he executed Bick's policy on or around December 20, 2020 and failed to provide

9 plaintiff with a "rapid test" following plaintiff's "probable December 28th 2020 positive test

10 result" (*id.* at 4-5); (3) on August 21, 2020, plaintiff's primary care provider, Dr. Tyler Campbell

11 was deliberately indifferent to plaintiff's need for Ensure and failed to monitor plaintiff's white

12 blood cell count during plaintiff's "probable infection . . . with COVID-19" from December 28,

13 2020 to January 11, 2020 (*id.* at 7); and (4) on August 21, 2020, registered dietician nurse Ladon

14 Silva was deliberately indifferent o plaintiff's need for Ensure to prevent plaintiff's chronic

15 weight loss. (*id.*).

16    Plaintiff's claims are too vague to survive screening.[2]  First, it is not clear whether

17 plaintiff contracted COVID-19 and if so, whether he was symptomatic.  To establish a

18 constitutional violation "based on a failure to prevent harm, the inmate must [first] show that he is

19 incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511

20 U.S. 825, 834 (1994).  COVID-19 of course, poses a substantial risk of serious harm. *Plata v.*

21 *Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-

22 19] poses a substantial risk of serious harm" to prisoners.).  Plaintiff, however, does not clearly

23 allege whether he suffered serious harm.  Second, plaintiff does not describe Bick's "mass

24 quarantine movement policy" or otherwise show – through specific allegations –the deliberate

25 indifference of any defendant.  Liability arises only where a prison official "knows that inmates

26 face a substantial risk of serious harm and disregards that risk by failing to take reasonable

27

28  [2] Plaintiff's request for an order directing service of the complaint (ECF No. 5) is therefore denied at this time.

3

measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Several courts have held that generalized allegations that supervisory prison officials did not do enough to control the spread of COVID-19 are insufficient to state an Eighth Amendment claim.  *See Booth v. Newsom*, No. 2:20-cv-1562-AC P, 2020 U.S. Dist. LEXIS 215148, (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-cv-1755-DB P, 2021 U.S. Dist. LEXIS 45226 (E.D. Cal. Mar. 10, 2021). Finally, it is not clear whether the COVID claims against Bick and Haar can be properly brought in the same action as the claims against Campbell and Silva regarding plaintiff's weight loss and need for Ensure.[3]  These claims seemingly encompass discrete events and separate defendants, rendering them ill-suited to proceed in a single suit.  Plaintiff's complaint will be dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

/////

---

[3] It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

4

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's motion to amend (ECF No. 4) is DENIED as unnecessary;

4. Plaintiff's amended complaint (ECF No. 8) is DISMISSED with leave to amend within 30 days from the date of service of this order;

5.   Plaintiff's motion for an order directing service of the complaint on defendants (ECF No. 5) is DENIED; and

6.   Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  December 6, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE