1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DESMOND JONES,                              No. 2:21-cv-1603-TLN-EFB P

12                  Plaintiff,

13          v.                                   ORDER

14   JOSPEH BICK, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

18   brought under 42 U.S.C. § 1983.  Following the dismissal of his first amended complaint on

19   screening[1] (ECF Nos. 8 & 9), plaintiff has filed a second amended complaint (ECF No. 12),

20   which the court must now screen.  As discussed below, plaintiff's second amended complaint is

21   dismissed with leave to amend for failure to state a claim.

22          Plaintiff alleges that he suffers from hyperthyroidism, which causes weight loss.  He

23   claims that his condition is managed by Ensure, a liquid nutritional supplement and a medication

24   called methimazole, which reduces his white blood cell count and compromises his immunity.

25          _____
            [1] Federal courts must engage in a preliminary screening of cases in which prisoners seek
26   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
     § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion
27   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which
     relief may be granted," or "seeks monetary relief from a defendant who is immune from such
28   relief."  *Id.* § 1915A(b).

                                                    1

He claims that defendants Tyler Campbell, his primary care physician, and LaDon Silva, a California Department of Corrections and Rehabilitation dietician, were deliberately indifferent to his serious medical needs in the following ways: (1) by discontinuing his order of Ensure, resulting in him dropping from 154 pounds in August 2020 to 134 pounds in August 2021 (ECF No. 12 at 7); and (2) by failing to monitor plaintiff's white blood cell count while symptomatic with COVID-19 from December 28, 2020 through January 11, 2021.  Relying upon these allegations, plaintiff asserts Eighth Amendment deliberate indifference to medical needs claims against defendants Campbell and Silva.  As discussed below, these claims cannot survive screening.

To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has identified serious medical needs but has not alleged facts showing that either defendant responded to any of those needs with deliberate indifference.  As for the Ensure, plaintiff alleges that Campbell discontinued it because his hands were "tied" by the orders of Silva.  ECF No. 12 at 7.  The reason for Silva's denial is her allegedly false belief that plaintiff was choosing not to eat because he preferred Ensure.  *Id.*  These allegations, without further elaboration, fail to demonstrate that either defendant discontinued Ensure with deliberate indifference to plaintiff's medical needs.  As for the failure to monitor plaintiff's white blood cell count, he again fails to allege that this omission was with deliberate indifference.  Nor does he allege to have suffered any injury as a result.  To the extent plaintiff attributes his COVID-19 infection to the acts or omissions of either defendant, it is far too attenuated and speculative.  Plaintiff has not alleged facts, which if true, show that either defendant caused or intended to cause him to contract the virus.

2

1    For these reasons, plaintiff's second amended complaint is dismissed with leave to amend.

2   In a third amended complaint, should plaintiff choose to file one, he must allege specific facts

3   showing that defendants discontinued Ensure or failed to monitor his white blood cell count

4   knowing that it would expose plaintiff to a substantial risk of serious harm.  Any amended

5   complaint should also observe the following:

6    Any amended complaint must identify as a defendant only persons who personally

7   participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

8   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

9   constitutional right if he does an act, participates in another's act or omits to perform an act he is

10   legally required to do that causes the alleged deprivation).   The complaint should also describe,

11   in sufficient detail, how each defendant personally violated or participated in the violation of his

12   rights.  The court will not infer the existence of allegations that have not been explicitly set forth

13   in the amended complaint.

14    The amended complaint must contain a caption including the names of all defendants.

15   Fed. R. Civ. P. 10(a).

16    Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See

17   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

18    Any amended complaint must be written or typed so that it so that it is complete in itself

19   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

20   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

21   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

22   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

23   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

24   1967)).

25    Finally, the court notes that any amended complaint should be as concise as possible in

26   fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of

27   procedural or factual background which has no bearing on his legal claims.

28   /////

1    Accordingly, IT IS ORDERED that:

2      1.    Plaintiff's second amended complaint (ECF No. 12) is dismissed with leave to

3            amend within 30 days from the date of service of this order; and

4      2.    Failure to comply with this order may result in dismissal of this action for the

5            reasons stated herein.

6    Dated: February 28, 2022.

7

8                                               EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4